IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **EVAN BLACKWOOD,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **4:05-cv-2251-UWC** |
| **PILGRIM'S PRIDE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Evan Blackwood ("Blackwood") initially filed this lawsuit in Alabama state court seeking damages for injuries he sustained while working as a contractor at the Tennessee plant of Pilgrim's Pride ("Pilgrim's"). Blackwood has not asserted any claims under federal law; thus, the present Court has jurisdiction over this matter only if the amount in controversy requirement is met.[1]

Blackwood seeks damages for an unspecified amount of compensatory and punitive damages on multiple counts. Pilgrim's contends that Blackwood's claim for damages meets the amount in controversy requirement because awards in

---

[1] It appears from the notice of removal that complete diversity exists between the Alabama plaintiff and this Delaware corporation with its principal place of business in Tennessee.

premises liability cases routinely exceed $75,000.

Based upon a review of the record before this Court, this action is due to be remanded.

The court is obligated to raise questions concerning jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Moreover, where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated on other grounds).

Pilgrim's claim that damages in premises liability cases routinely exceed $75,000 is not sufficient to meet its burden on removal. This allegation alone is

not sufficient to establish that the jurisdictional amount is met. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (requiring that removing defendant "prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]"). Accordingly, this action is due to be remanded. By separate order, and this action will be remanded to Circuit Court of Etowah County, Alabama.

      Done this 7th day of November, 2005.

                                              U.W. Clemon
                                Chief United States District Judge